Anqunett **SIMIEN, Plaintiff-Appellant,**

v.

**CITY OF SAN ANTONIO,**
**Defendant-Appellee.**

No. 85–2723.

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1987.
Rehearing and Rehearing En Banc
Denied March 5, 1987.

James A. Kosub, San Antonio, Tex., for plaintiff-appellant.

Steve Arronge, Asst. City Atty., City of San Antonio, San Antonio, Tex., for defendant-appellee.

Before CLARK, Chief Judge,
GOLDBERG and GEE, Circuit Judges.

CLARK, Chief Judge:

Plaintiff Anqunett Simien appeals the district court's judgment in favor of the defendant, the City of San Antonio, on Simien's claims of sex discrimination and violation of her constitutional right to equal protection. She also asserts the district court erred in awarding only nominal damages for the City's violation of her right to procedural due process, and erred in deciding that she was not the prevailing party and therefore not entitled to attorneys fees. The city's actions in abruptly terminating an apparently satisfactory municipal employee for a minor, technical infraction appear arbitrary, uncaring and petty but not unconstitutional and therefore are beyond the remedial reach of 42 U.S.C. § 1983. We affirm the judgment in all respects.

## I.  Background

In 1977 the City of San Antonio adopted a rule requiring all of its non-exempt permanent employees to live within the city limits. The residency requirement was included in the personnel rule book but was not enforced until 1980 when the City Council decided to order its enforcement.

All new employees were required to complete a form that included a box indicating whether the person resided in the city. If the new employee indicated he or she did not live in the city, the employee received two notices during the six month probationary period warning that permanent employees would be terminated for noncompliance with the residency requirement. Notices were not sent to those who checked the box indicating they already resided in the city.

Simien was hired in 1982. She had recently moved to the San Antonio area and believed her home was located within the city limits because her mailing address was San Antonio, Texas. In fact, Simien's residence was a couple of blocks outside the city limits in an unincorporated area. Believing she lived in the city, Simien checked the box that indicated she already resided in San Antonio. As a result she did not receive warning notices during her probationary period. Indeed, Simien never received any notice that she was not in compliance with the residency requirement.

On June 6, 1983, six months after Simien had become a permanent employee, she was handed a termination letter based on her noncompliance with the residency requirement, and immediately escorted off the premises by a police officer. Simien appealed to the city's Civil Service Review Board and was given a post-termination hearing. The hearing was originally scheduled for June 21, 1983, but was delayed at Simien's request. The Board recommended that the dismissal be upheld.

Simien then brought this suit asserting the residency requirement discriminated on the basis of sex because city departments that were predominantly male, such as the police and firefighters, were exempted from the requirement. She also asserted that permanent male employees were permitted to move into the city rather than being terminated.

After the trial began, the district judge invited Simien to amend her complaint to include claims that her constitutional rights to equal protection and due process had been violated. Simien did so.

## II. Sex Discrimination

■ The district court held that Simien failed to prove the residency requirement was discriminatory either in intent or in effect. The court found that the police and fire departments were exempted due to their collective bargaining agreements, that other employees were grandfathered into exempt status due to the length of their employment with the city, and that, overall, more men were subject to the requirement than women. These findings are not clearly erroneous.

The record demonstrates that men who violated the residency requirement were terminated. The only exception was a male employee who was given the opportunity to move into the city because he had not received warnings during his probationary period even though he had checked the box indicating he did not live in the city. Men who, like Simien, did not check this box but lived outside the city were terminated without notice. The district court determination that Simien failed to prove the residency requirement discriminated on the basis of sex is not clearly erroneous.

## III. Equal Protection

Simien claimed the residency requirement violated her constitutional right to equal protection because employees in some departments were exempt, others were grandfathered based on the length of

their employment, and permanent employees were treated differently from probationary employees.

■ In *Wright v. City of Jackson, Mississippi*, 506 F.2d 900 (5th Cir.1975), this circuit held that when municipal residency requirements are challenged on equal protection grounds the requirement need only be shown to have a rational relationship to a legitimate government purpose in order to pass constitutional muster. *Id.* at 903. Members of the San Antonio City Council expressed at least two legitimate government purposes for the residency rule: 1) those paid with tax dollars should support the tax base; and, 2) city employees should be part of the community they serve in order to understand and identify with its problems. These purposes are sufficient to support San Antonio's residency rule.

■ The rule does not become irrational because some employees were exempt. Legislation may address one aspect of a situation at a time as long as the classifications are not based on invidious discrimination. *Williamson v. Lee Optical of Oklahoma*, 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955). The police and firefighters were exempt due to provisions in their collective bargaining agreements. The grandfathering of other employees based on the length of their employment is a constitutional means to gradually achieve a workforce that resides in the city. *See City of New Orleans v. Dukes*, 427 U.S. 297, 305, 96 S.Ct. 2513, 2517, 49 L.Ed.2d 511 (1976) (grandfather provision in license requirement for street vendors is constitutional).

Simien relies on the Supreme Court's decision in *Zobel v. Williams*, 457 U.S. 55, 102 S.Ct. 2309, 72 L.Ed.2d 672 (1982) to support her argument that distinctions based on residency are unconstitutional. *Zobel*, however, held only that a state cannot favor those who established residence before a fixed date. 102 S.Ct. at 2315. The Supreme Court has distinguished legis-

lation like that in *Zobel* that differentiates based on becoming a resident before a particular time or that requires long periods of residency before becoming eligible for benefits, from legislation that merely requires that a person establish residency. *Martinez v. Bynum*, 461 U.S. 321, 325–8, 103 S.Ct. 1838, 1841, 75 L.Ed.2d 879 (1983). *See also, Attorney General of New York v. Soto-Lopez*, — U.S. —, 106 S.Ct. 2317, 2321 n. 3, 90 L.Ed.2d 899 (1986). A requirement that persons establish residence "furthers the substantial state interest in assuring that services provided for its residents are enjoyed only by residents." *Martinez*, 103 S.Ct. at 1842. The same is true of the requirement in this case that those who benefit from employment with the city be residents of the city.

### IV. Procedural Due Process and Damages

The district court correctly held, and the city now admits, that the lack of a pre-termination hearing violated Simien's right to procedural due process. As the Supreme Court recently reiterated in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985), the root requirement of the Due Process Clause is "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." *Id.* at 1493. The district court enjoined the city from continuing its unconstitutional termination practice and the city has now adopted a policy providing for a pre-termination hearing.

■ The district court awarded Simien only one dollar in nominal damages for the violation of her right to procedural due process. Simien asserts she should receive lost wages and benefits to compensate for the loss of her job and the ongoing damage to her job prospects. If this were an open question in this circuit we might be inclined to award Simien back pay for the eleven work days between her unconstitutional termination and the first scheduled hearing date. We are bound, however, by the holding in *Wilson v. Taylor*, 658 F.2d 1021 (5th Cir.1981). In *Wilson* this court held that back pay and benefits cannot be awarded from the date of the procedurally improper discharge until the date of the procedurally proper hearing, if the employee would have been discharged in any case. *Id.* at 1035. The *Wilson* panel relied on *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), particularly footnote fifteen in that opinion which seemed to disapprove of awards of back pay in procedural due process cases.

*Wilson* controls this case because it is apparent that Simien's termination would have been affirmed in a pre-termination hearing as it was in the post-termination hearing. Simien failed to prove any other damages resulted from the procedural defect in her termination rather than from the termination itself. The district court correctly awarded Simien only nominal damages.

### V. Prevailing Party

■ Simien asserts the district court erred in holding she was not the prevailing party and therefore not entitled to attorney fees under 42 U.S.C. § 1988. In this circuit the test for prevailing party status is whether the plaintiff prevailed on the central issue by acquiring the primary relief sought. *Commonwealth Oil Refining Co., Inc. v. E.E.O.C.*, 720 F.2d 1383, 1385 (5th Cir.1983); *Iranian Students Ass'n v. Edwards*, 604 F.2d 352, 353 (5th Cir.1979).

■ Simien's primary goal was to have the residency requirement declared unconstitutional by proving sex discrimination or a violation of equal protection and to gain reinstatement and back pay. Vindication of her procedural due process right was a subsidiary issue added after the trial began and not vigorously pursued. Simien did not acquire the primary relief she sought and is not the prevailing party in this case.

Conclusion

We affirm the district court's judgment in all respects.

AFFIRMED.