866 F.2d 997
 51 Ed. Law Rep. 782
 Leslie T. ROGERS, Appellant,
v.
Edward KELLY, Superintendent of Schools of the Little Rock,
Arkansas, School District and the Members of the Board of
Education of the Little Rock, Arkansas, School District,
Individually and in their Official Capacities, Appellees.
 No. 88-1234.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 23, 1988.
Decided Jan. 26, 1989.
Rehearing Denied March 31, 1989.
 
 John Walker & Lazar M. Palnick, Little Rock, Ark., for appellant.
 G. Ross Smith, Little Rock, Ark., for appellees.
 Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.
 WOLLMAN, Circuit Judge.
 
 
 1
 Leslie T. Rogers was terminated from his position with the Little Rock School District without being given adequate due process. He appeals the district court's[1] award of one dollar in nominal damages. He also appeals as insufficient the court's award of attorney's fees. We affirm.
 
 I.
 
 2
 The factual background of this case is described in Rogers v. Masem, 788 F.2d 1288, 1289-91 (8th Cir.1985) (Rogers I ), wherein we first considered this dispute. We therefore will discuss only those facts necessary to the issue of damages.
 
 
 3
 In 1979, Dr. Leslie T. Rogers was hired by the Little Rock School District as an evaluation specialist. After two years in that position, he was reassigned to a position as assistant principal at Henderson Junior High School. As to Rogers' year at Henderson, the district court[2] to which the case was tried found the following:
 
 
 4
 Dr. Rogers' period of employment at Henderson can be described as one of continuing conflict. * * * Although many of Dr. Rogers' confrontations involved Marjorie Hubbard [the principal], he also experienced difficulty with a football coach, teachers who were called upon to work with him, the representative of the Classroom Teachers' Association, bus drivers and the supervisor of transportation for the district.
 
 
 5
 Dr. Rogers complains that he was the victim of unfair treatment by Mrs. Hubbard and others while at Henderson. He claims that his problems with Mrs. Hubbard stemmed from the fact that she was insensitive to black children and treated blacks and poor whites differently from whites who enjoyed economic advantages.
 
 
 6
 It is not necessary to review all the incidents involving Dr. Rogers and those with whom he came in conflict while he was at Henderson in order to resolve who was at fault in each incident. After hearing the witnesses and reviewing the exhibits, the court is convinced that Dr. Rogers was unable to resolve his differences of opinion with Mrs. Hubbard and others without an unpleasant encounter. On several occasions, he ended a meeting with a flurry of heated words or a threat to call his attorney. While the court does not doubt Dr. Rogers' sincerity about his concern for the treatment of blacks and the poor, self-righteousness is no excuse for the abusive behavior and disruptive attitude displayed by Dr. Rogers on many occasions.
 
 
 7
 Rogers v. Masem, No. LR-C-82-485, slip op. at 2-3 (E.D.Ark. Oct. 4, 1984). In April 1982 Rogers was reassigned to the district's personnel department.
 
 
 8
 On June 15, 1982, Superintendent Ed Kelly wrote Rogers that he was recommending his termination. On July 12, 1982, Rogers' attorney requested a hearing before the school district's board of directors (the Board). The Board met the next day and, without any participation by Rogers, voted not to renew Rogers' contract. The Board eventually provided Rogers with an informal hearing on October 28, 1982. Rogers was given the opportunity to respond to material reviewed by the Board prior to its vote to terminate Rogers. Rogers and his attorney also made a statement to the Board. After the hearing, the Board allowed its earlier vote of nonrenewal to stand.
 
 
 9
 Rogers, who is black, sued the Little Rock School District, its superintendent, and its board members, claiming race discrimination and violation of due process rights. The district court, after a bench trial, concluded that Rogers had not been discriminated against on the basis of race. It also found no violation of due process.
 
 
 10
 On appeal, this court affirmed the district court finding that Rogers had not proved discrimination. Rogers I, 788 F.2d at 1292. We reversed, however, on the procedural due process claim. We concluded that the Teacher Fair Dismissal Act of 1979, Ark.Stat.Ann. Secs. 80-1264 to -1264.10 (1980) (repealed), created for Rogers a substantive property right to continued employment "of which he could not 'be deprived except pursuant to constitutionally adequate procedures.' " Rogers I, 788 F.2d at 1295 (quoting Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 541, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985)). Because Rogers had not been afforded a pretermination hearing, we held that he had been denied procedural due process. Id. at 1295. We remanded "for entry of judgment for Rogers and for calculation of damages and other appropriate relief in accordance with [the] opinion." Id.
 
 
 11
 On remand, Rogers sought back pay, reinstatement, restoration of benefits, damages, and attorneys' fees. The district court relied on the trial court's findings of fact, and on its own review of the record, and concluded that Rogers suffered no actual harm since he would have been fired even if he had received procedural due process. Thus, the court awarded one dollar in nominal damages. The district court awarded attorneys' fees to Rogers' three attorneys. It awarded Richard Roachell $2,686.70 in fees and costs. The court also awarded John Walker $3,375 and Lazar Palnick $1,875. This was substantially less than Walker and Palnick had requested.
 
 II.
 
 12
 In Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), the Supreme Court stated:
 
 
 13
 Because the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, we believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury.
 
 
 14
 Id. at 266, 98 S.Ct. at 1054 (citations omitted). In Rogers I we held that Rogers' right to procedural due process was violated. Thus, he is entitled to nominal damages.
 
 
 15
 Substantial compensatory damages, however, may be awarded only to compensate actual injury caused by the denial of procedural due process; damages cannot be presumed to flow from every deprivation of procedural due process. Id. at 260-65, 98 S.Ct. at 1050-53. The district court on remand concluded that Rogers suffered no actual injury "since it is both apparent from the factual record and implicit in [the trial court's] unassailed conclusions that [Rogers] would have been fired even if he had been accorded procedural due process." Rogers v. Kelly, 674 F.Supp. 1372, 1374 (E.D.Ark.1987).
 
 A.
 
 16
 Rogers strenuously asserts that the district court's decision is in contravention of the law of the case as established in Rogers I. It is a fundamental principle, however, that "[t]he doctrine of law of the case comes into play only with respect to issues previously determined." Quern v. Jordan, 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979) (citing In re Sanford Fork & Tool Co., 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414 (1895)). This court in Rogers I decided that Rogers had a substantial property right and that the school district failed to provide Rogers with procedural due process in depriving him of that property right. Rogers I, 788 F.2d at 1295. We decided nothing with respect to the underlying merits of Rogers' termination. Nor did we address the issue of damages; we expressly instructed the district court to make that determination on remand. Rogers' first argument thus is meritless.
 
 B.
 
 17
 Rogers next argues that the district court erred in concluding that Rogers suffered no actual injury. The court's conclusion that Rogers would have been fired even if he had been accorded procedural due process is a finding of fact, which we may not set aside unless clearly erroneous. Fed.R.Civ.P. 52(a).
 
 
 18
 If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.
 
 
 19
 Anderson v. City of Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (citations omitted). This standard applies even though the district court on remand was not the court to which the case was tried. The clearly erroneous standard applies "even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts." Id. at 574, 105 S.Ct. at 1511.
 
 
 20
 Rogers has satisfactorily performed numerous jobs during several years of work in education. There was considerable evidence of significant problems in 1981 and 1982 that could warrant Rogers' termination, however. We find the district court's account of the evidence plausible in light of the record viewed in its entirety. We thus cannot say that the district court clearly erred in finding that Rogers would have been fired even if he had received due process. We therefore affirm the district court's award of nominal damages only. Carey, 435 U.S. at 260 & n. 15, 98 S.Ct. at 1050 & n. 15; Bishop v. Tice, 622 F.2d 349, 357-58 n. 17 (8th Cir.1980); see Skeets v. Johnson, 805 F.2d 767, 781-83 (8th Cir.1986) (Bowman, J., dissenting), rev'd on reh'g, 816 F.2d 1213 (8th Cir.1987) (en banc); Pollock v. Baxter Manor Nursing Home, 706 F.2d 236, 238 (8th Cir.) (McMillian, J., dissenting), rev'd on reh'g, 716 F.2d 545 (8th Cir.1983). We also affirm the district court's denial of the equitable relief of reinstatement. Perry v. Brakke, 826 F.2d 740, 747 (8th Cir.1987).
 
 III.
 
 21
 Because Rogers is a "prevailing party" within the meaning of 42 U.S.C. Sec. 1988, he is entitled to recover reasonable attorneys' fees.[3] The amount of the fee must be determined on the facts of each case, and the district court has wide discretion in making this determination. Hensley v. Eckerhart, 461 U.S. 424, 429, 437, 103 S.Ct. 1933, 1937, 1941, 76 L.Ed.2d 40 (1983); Moore v. City of Des Moines, 766 F.2d 343, 345-46 (8th Cir.1985), cert. denied, 474 U.S. 1060, 106 S.Ct. 805, 88 L.Ed.2d 781 (1986).
 
 
 22
 John Walker initially sought fees for 104.1 hours at a rate of $135 per hour, or $14,053.50. Lazar Palnick sought fees for 123.7 hours at $75 per hour, or $9,227.50. Walker and Palnick eventually reduced their hours to 100.3 and 66.15, respectively. The district court considered several factors in determining the reasonableness of these fee requests. It first noted that the due process issue in this case, the sole issue upon which Rogers prevailed at trial, "was not a highly complex one, requiring great amounts of legal research." Rogers v. Kelly, No. LR-C-82-485, slip op. at 2 (E.D.Ark. Mar. 30, 1988). The court also considered that Rogers received no relief other than nominal damages. Additionally, the court considered the time spent by a third attorney, Richard Roachell. Finally, the court felt that Walker and Palnick failed to provide the court with concrete information to distinguish time spent on the due process issue from that spent on other issues. Thus, the court substantially reduced the hours allowed and concluded that Walker and Palnick reasonably expended twenty-five hours each. Accordingly, it awarded Walker a fee of $3,375 and Palnick a fee of $1,875.
 
 
 23
 All of the factors considered by the district court are pertinent to the determination of a reasonable fee award. Hensley, 461 U.S. at 433-40, 103 S.Ct. at 1939-43; McCurry v. Tesch, 824 F.2d 638, 642 (8th Cir.1987); Fast v. School Dist. of Ladue, 728 F.2d 1030, 1035 (8th Cir.1984) (en banc). We have reviewed the record and conclude that the district court did not abuse its discretion in making the fee award. We note, however, that the district court's order of March 30, 1988, did not address counsel's August 27, 1986, bill of costs in the amount of $2,983.
 
 
 24
 The district court's orders of October 2, 1987, and January 5, 1988, are affirmed. The district court's order of March 30, 1988, is affirmed as to the amount of attorneys' fees awarded, but is vacated to the extent that it does not address the matter of costs, and the case is remanded to the district court with directions to enter whatever order it deems appropriate with respect to that matter.
 
 
 
 [1]
 The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas
 
 
 [2]
 The Honorable William R. Overton, late a United States District Judge for the Western District of Arkansas
 
 
 [3]
 This court awarded Rogers $20,000 in attorneys' fees and $721 in costs for the appeal in Rogers I