**Bennie BREWER, Appellee,**

v.

**Ed CHAUVIN, In official capacity as member of the St. Francis County Quorum Court, St. Francis County, Arkansas; Carl E. Cisco, Individually and in his official capacity as County Judge of St. Francis County; Roger Davidson, In official capacity as member of the St. Francis County Quorum Court, St. Francis County, Arkansas; Floyd**

**French, In official capacity as member of the St. Francis County Quorum Court, St. Francis County, Arkansas; Joe Gattinger, In official capacity as member of the St. Francis County Quorum Court, St. Francis County, Arkansas; George Hutcherson, In official capacity as member of the St. Francis Quorum Court, St. Francis County, Arkansas; M.C. Jeffers, Sr., In official capacity as member of the St. Francis County Quorum Court, St. Francis County, Arkansas; Bonner McCollum, Jr., In official capacity as member of the St. Francis County Quorum Court, St. Francis County, Arkansas; Steve Murray, In official capacity as member of the St. Francis County Quorum Court, St. Francis County, Arkansas;**

**Dave Parkman, Individually and in his official capacity as Sheriff of St. Francis County; Appellant,**

**Isaac Wilbourn, In official capacity as member of the St. Francis County Quorum Court, St. Francis County, Arkansas; Leodis Williams, In official capacity as member of the St. Francis County Quorum Court, St. Francis County, Arkansas; Cliff Wise, In official capacity as member of the St. Francis County Quorum Court, St. Francis County, Arkansas; B. McCollum, in official capacity as member of the St. Francis County Quorum Court, St. Francis County, Arkansas.**

No. 89–2980.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 1, 1991.

Decided July 10, 1991.

Fletcher Long, Jr., Forrest City, Ark., for appellant.

Roy C. Lewellen, Marianna, Ark., for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL, BEAM, and LOKEN, en banc.

BOWMAN, Circuit Judge.

■ Bennie Brewer was discharged from his position as Deputy Sheriff of St. Francis County, Arkansas without being given a hearing. Brewer filed this action pursuant to 42 U.S.C. § 1983 (1988). The District Court, holding that Brewer had a property interest in the deputy sheriff position and that the manner of his discharge violated his Fourteenth Amendment right not to be deprived of property without due process of law, awarded Brewer back pay in the amount of $6,897.00 and ordered the defendants to grant him a hearing.[1] The merits of the decision to fire Brewer were not litigated. Defendant Dave Parkman, the Sheriff of St. Francis County, appeals. The main issue in this rehearing en banc is whether the District Court's award of back pay based on the violation of Brewer's right to procedural due process can be sustained in the absence of a finding that Brewer would not have been fired if he had been given a pre-termination hearing consistent with the requirements of the Due Process Clause. We hold that it cannot. Accordingly, we reverse and remand.

■ In *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), the Supreme Court recognized that a plaintiff whose procedural due process rights have been violated is entitled to "nominal damages without proof of actual injury." *Id.* at 266, 98 S.Ct. at 1054. The Court noted, however, that "[p]rocedural due process rules are meant to protect persons not from the deprivation [of property], but from the mistaken or unjustified deprivation of ... property." *Id.* at 259, 98 S.Ct. at 1050. If it can be proved that the plaintiff " 'would have been [fired] even if a proper hearing had been held,' " then [the plaintiff] will not be entitled to recover damages to compensate ... for injuries caused by the [firing]." *Id.* at 260, 98 S.Ct. at 1050 (citation omitted). To hold otherwise, the Court noted, would allow "a windfall, rather than compensation." *Id.*[2]

*Carey* was not altered by the Court's decision in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), which "put[ ] to rest any remaining debate over whether public employers must provide meaningful notice and hearing procedures before discharging an employee for cause." *Id.* at 551–52, 105 S.Ct. at 1498 (Brennan, J., concurring in part and dissenting in part). The central issue in *Loudermill* was what kind of pre-deprivation hearing satisfied due process requirements. The rule that some kind of pre-deprivation hearing was required had been enunciated long before *Carey* was decided.[3] *Loudermill* contains only a pass-

---

**1.** A more complete discussion of the underlying facts can be found in the opinion of the three-judge panel that initially heard this appeal. *See Brewer v. Parkman*, 918 F.2d 1336, 1337–39 (8th Cir.1990). That opinion was vacated when the Court granted rehearing en banc.

**2.** Although *Carey* was a case concerning public school students suspended from school without a hearing, the Court mentioned with apparent disapproval four court of appeals decisions in which public employees who were discharged with cause but denied procedural due process were awarded back pay. *Carey v. Piphus*, 435 U.S. 247, 260 n. 15, 98 S.Ct. 1042, 1050 n. 15, 55

L.Ed.2d 252 (1978). The inclusion of such cases suggests, and it seems to us necessarily so in principle, that for our present purposes no distinction is to be drawn between "liberty" interests and "property" interests.

**3.** In 1950, the Court noted that deprivation of property must "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 313, 70 S.Ct. 652, 656–57, 94 L.Ed. 865 (1950). As pointed out earlier, see *supra* note 2, the *Carey* court explicitly considered cases where a public employee was discharged in a procedurally deficient manner.

ing, approving reference to *Carey*, and nothing in the opinion even hints of an intention to overrule the portion of *Carey* relevant to our inquiry. And only last year the Court reasserted the continuing validity of the *Carey* principle. In *Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), the Court reaffirmed "that in cases where the deprivation would have occurred anyway, and the lack of due process did not itself cause any injury (such as emotional distress), the plaintiff may recover only nominal damages." *Id.* 110 S.Ct. at 983 n. 11 (citing *Carey*).

Examination of cases from our circuit and from our sister circuits decided subsequent to *Loudermill* reveals that the *Carey* principle consistently has been applied to employees discharged in a manner that violates their due process rights. In *Peery v. Brakke*, 826 F.2d 740 (8th Cir.1987), we said that

> [t]he proper remedy for a procedural due process constitutional injury is determined under [*Carey*] by measuring the remedy sought against the nature of the interests protected by the constitutional right in question. The constitutional injury [plaintiff] has shown in this case is not the loss of his job, but rather his termination without procedural due process. Reinstatement may not be an appropriate remedy for an employee who was terminated for cause but denied procedural due process.

*Id.* at 747. *Rogers v. Kelly*, 866 F.2d 997 (8th Cir.1989), also reflects the *Carey* approach. "We ... cannot say that the district court clearly erred in finding that [plaintiff] would have been fired even if he had received due process. We therefore affirm the district court's award of nominal damages only." *Id.* at 1000 (citing, among others, *Carey* and *Peery*). *See also Edwards v. Jewish Hosp.*, 855 F.2d 1345, 1352 (8th Cir.1988) (Comparing the right to be free from intentional racial employment discrimination to *Carey* procedural due process rights, we said that where the plaintiff would have been fired even in the absence of intentional discrimination, "backpay would be a windfall to [plaintiff], even though he was a victim of intentional racial

discrimination."); *Hogue v. Clinton*, 791 F.2d 1318, 1323 (8th Cir.), *cert. denied*, 479 U.S. 1008, 107 S.Ct. 648, 93 L.Ed.2d 704 (1986) ("Unless [plaintiff] can establish that he suffered actual injury due to the failure to hold a pretermination name clearing hearing, we think an award of anything but nominal damages would be a windfall, not compensation.").

Other circuits have followed this approach.

> Where there has been a justified deprivation of a protected interest through deficient procedures, the injury caused by the justified loss is not properly compensable under section 1983.... The defendants have presented sufficient evidence to prove that [plaintiff] would have been discharged even if proper pre-deprivation procedures had been employed, and [plaintiff] has presented no proof of particularized injury arising only from the denial of due process. Without proof of actual injury, the denial of procedural due process is actionable only for nominal damages.

*Patkus v. Sangamon–Cass Consortium*, 769 F.2d 1251, 1265 (7th Cir.1985). "A plaintiff deprived of a property interest without procedural due process can recover compensatory damages if the deprivation is determined to have been unjustified.... However, only nominal damages are recoverable for a deprivation of property determined to be otherwise justified." *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir.1987). *See also Patterson v. Coughlin*, 905 F.2d 564, 568 (2nd Cir.1990); *Swank v. Smart*, 898 F.2d 1247, 1257 (7th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 147, 112 L.Ed.2d 113 (1990); *Fraternal Order of Police, Lodge No. 5 v. Tucker*, 868 F.2d 74, 81 (3rd Cir.1989); *Simien v. City of San Antonio*, 809 F.2d 255, 258 (5th Cir.1987); *Fowler v. Carrollton Pub. Library*, 799 F.2d 976, 982 (5th Cir.1986); *Stein v. Board of New York*, 792 F.2d 13, 19 (2nd Cir.), *cert. denied*, 479 U.S. 984, 107 S.Ct. 572, 93 L.Ed.2d 576 (1986); *Stana v. School Dist.*, 775 F.2d 122, 131 (3rd Cir. 1985).

■ The rationale of all these cases is the *Carey* rationale. The complained-of constitutional violation is the denial of procedural due process, not the plaintiff's discharge from public employment. Damages therefore must be limited to those caused by the due process violation.[4] This will include a full award of back pay only when there is a finding that the discharge would not have occurred if the employee's procedural due process rights had been observed.[5]

■ We believe that our holding flows inexorably from *Carey* and the sound principle—that a plaintiff must show that the complained-of wrong is the cause of his injury—upon which *Carey* rests. Even with the modest, traditional *Carey* limitation in place, there is no reason to fear that public employers will rush to deny employees their *Loudermill* rights. First, an award of attorney fees is proper, even when only nominal damages are awarded for the denial of procedural due process. 42 U.S.C. § 1988 (1988); *Carey*, 435 U.S. at 257 n. 11, 98 S.Ct. at 1049 n. 11; *Rogers*, 866 F.2d at 1001; *Hogue*, 791 F.2d at 1323. Second, punitive damages may be awarded to a plaintiff recovering only nominal damages, if the denial of procedural due process is found to be recklessly or callously indifferent. *Wright v. Jones*, 907 F.2d 848, 852 (8th Cir.1990) (citing *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983)); *see also Carey*, 435 U.S. at 257 n. 11, 98 S.Ct. at 1049 n. 11; *Green v. McKaskle*, 788 F.2d 1116, 1124 (5th Cir.1986); *Goodwin v. Circuit Court*, 729 F.2d 541, 548 (8th Cir.), *cert. denied*, 469 U.S. 828, 105 S.Ct. 112, 83 L.Ed.2d 55 (1984). In addition, any other damages that are proved to have been caused by the denial of procedural due process may be recovered (*e.g.*, mental or emotional distress). *Carey*, 435 U.S. at 263–64, 98 S.Ct. at 1052–53.

■ We moreover note that a limited award of back pay would seem to be appropriate even in the absence of a *Carey*-type causation finding favorable to the plaintiff. The aim of a compensatory damages award in a section 1983 case is to put the plaintiff in the same position he would have been in if the constitutional tort had not occurred. It therefore follows logically that an employee who has a due process right to a pre-termination hearing and who is discharged without being given one would be entitled to back pay from the date of his discharge to the earliest date the discharge could have taken effect had the proper procedures been followed. *See Carey*, 435 U.S. at 253–54, 98 S.Ct. at 1046–47 (purpose of a section 1983 damages award is to compensate plaintiff for the injuries caused by the violation of his constitutional rights); *Patterson v. Portch*, 853 F.2d 1399, 1408 (7th Cir.1988) ("All [the employee] lost *as a result of the constitutional violation* was his salary between the day that [the employer] terminated him and the day on which his dismissal would have taken effect had [the employer] followed the prescribed procedures.") (emphasis in original); *but see Simien*, 809 F.2d at 258 (no back pay can be awarded if the employee would have been fired anyway).

■ Finally, we hold that the public employer carries the burden of proving that the plaintiff would have been fired even if procedural due process had been observed. Having deprived an employee of a property interest in his job without first satisfying the requirements of procedural due process, the employer must show by a preponderance of the evidence that the discharge would have occurred even if an appropriate pre-termination hearing had been held. As the Third Circuit has observed, "In *Carey v. Piphus*, the Supreme Court approved at least implicitly the Seventh Circuit's holding that the burden of showing that the

---

4. We see nothing in the case law or in principle to justify a distinction based on the characterization of back pay as equitable relief rather than compensatory damages.

5. The finding on this issue of causation is to be made by the trial court after an appropriate

evidentiary hearing into the merits of the decision to fire the plaintiff. There is no need or justification for the trial court to order that a hearing be conducted by the public officials who failed to hold such a hearing in the first place.

plaintiffs would not have prevailed is on the defendants." *Alexander v. Polk*, 750 F.2d 250, 263 (3rd Cir.1984) (citation omitted). There is "no basis for allocating the burden of proof in a different fashion when the plaintiff's theory is the deprivation, without due process, of a property interest without the process required by federal law rather than an improper motive." *Id.* at 264. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977) (In a section 1983 case involving the violation of a public school teacher's First Amendment rights, the Court held that the burden is on the defendant to show by "a preponderance of the evidence that it would have reached the same decision" even if the constitutionally protected activity had not been considered in the employment decision.); *Tucker*, 868 F.2d at 81 n. 9; *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir.1986); *Wheeler v. Mental Health & Mental Retardation Auth.*, 752 F.2d 1063, 1071 (5th Cir.), *cert. denied*, 474 U.S. 824, 106 S.Ct. 78, 88 L.Ed.2d 64 (1985).

To sum up, we hold that Brewer's present back-pay award cannot stand, as the District Court made no *Carey*-type causation finding. The District Court must conduct an evidentiary hearing on this issue; for the court to order the defendants to grant Brewer a grievance hearing was error. If the District Court finds that Brewer would have been fired even if procedural due process had been observed, then he is not entitled to an award of back pay except for a limited award based on the earliest date he could have been fired if *Loudermill* procedures had been followed.[6] On the other hand, if the District Court finds that Brewer was fired without proper justification, his back-pay award should be reinstated.

The judgment of the District Court is reversed and the case is remanded for further proceedings consistent with this opinion.

HEANEY, Senior Circuit Judge, with whom LAY, Chief Judge, and McMILLIAN, Circuit Judge, join, dissenting.

I respectfully dissent. It is undisputed on this appeal that Brewer had a property interest in his position as deputy sheriff and that defendants deprived him of this interest without providing a pretermination hearing, violating his constitutional right to procedural due process. The majority holds that whether this deprivation caused *any* actual injury can be determined only after the district court decides whether Brewer's dismissal was justified. I believe this holding reads *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), too narrowly.

*Loudermill* premised the requirement of a pretermination hearing on the Supreme Court's recognition that a public employee's interest in retaining his job until given an opportunity to contest the reasons for his dismissal outweighs the governmental interest in immediate termination of unsatisfactory employees and avoidance of administrative burdens. *Id.* at 542–45, 105 S.Ct. at 1493–95. The Court noted that a pretermination hearing may be the employee's sole meaningful opportunity to invoke the decisionmaker's discretion in cases where the facts are clear but the propriety of the dismissal may not be. *Id.* at 543, 105 S.Ct. at 1493–94. In a case such as Brewer's, where the parties disputed the facts leading to the dismissal as well as its propriety, a pretermination hearing would have furthered the employer's interest in avoiding work disruptions and an erroneous decision in addition to preventing unwarranted interruption of Brewer's livelihood. *See id.* at 544, 105 S.Ct. at 1494–95. The Court stated unequivocally that:

> It is preferable to keep a qualified employee on than to train a new one. A governmental employer has an interest in keeping citizens usefully employed rather than taking the possibly erroneous and counterproductive step of forc-

---

**6.** It does not appear that Brewer has alleged any other damages resulting from the denial of his

procedural due process rights, as distinguished from damages caused by the loss of his job.

ing its employees onto the welfare rolls. Finally, in those situations where the employer perceives a significant hazard in keeping the employee on the job, it can avoid the problem by suspending with pay.

*Id.* at 544–45, 105 S.Ct. at 1494–95 (footnote omitted).

The Court thus held that due process entitles a tenured public employee, at a minimum, to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" before termination. *Id.* at 546, 105 S.Ct. at 1495. Although the Court did not require a full evidentiary hearing and a definitive resolution of the propriety of the discharge prior to termination, it based this portion of its holding on the availability under state law of a full post-termination administrative hearing and judicial review. *See id.* at 545–48, 105 S.Ct. at 1495–97. The Court thus contemplated that an employee with a constitutionally protected property interest in his job would receive both an opportunity to respond to charges against him *before* cessation of his pay and a reasonably prompt post-termination hearing on the merits of his dismissal.

As is plain from the record, Brewer received neither. The deprivation of Brewer's right to a preterantination hearing caused, at a minimum, the premature cessation of his salary. This is true regardless of whether Brewer's dismissal was otherwise justified. *Loudermill*'s language recommending the suspension with pay of problem employees until they receive an opportunity to respond to charges suggests that the employee's entitlement to his salary continues until such time as due process requirements are met, however unsatisfactory his performance may be.

The majority bows to the logic of this conclusion when it notes the propriety of a limited award of back pay "even in the absence of a *Carey*-type causation finding favorable to the plaintiff." In such a case, the majority would limit back pay to the period from the date of discharge to the earliest date the discharge could have tak-

en effect had adequate procedures been followed. While this measure approaches the proper analysis of the true harm caused by a deprivation of procedural due process, the majority's remedy likely would provide only illusory relief in many cases.

*Loudermill* requires notice and an opportunity to respond prior to termination. The notice may be oral and the opportunity to respond need only be "an initial check against mistaken decisions," provided the employee receives a full post-termination hearing. 470 U.S. at 545–46, 105 S.Ct. at 1495. Given the simplicity of these requirements, the period of time between the employee's termination and the date on which he properly could have been terminated is unlikely to amount to more than a few days. Additionally, evidence on how long a procedurally correct termination would have taken would be primarily in the hands of the employer, who might be motivated to underestimate the length of time required to provide procedures he had not actually followed.

Given *Loudermill*'s proviso that the scope of preterantination procedural requirements hinges in part on the post-termination process available, *id.* at 547 n. 12, 105 S.Ct. at 1496 n. 12, a more accurate measure of the wages wrongfully withheld from an employee discharged without notice or a hearing would be the period of time between the discharge and the date on which a full post-termination hearing establishes cause for the dismissal. If the employer fails to provide a post-termination cause hearing when one is requested, and the employee sues to vindicate his right to due process, the employee should be entitled to back pay from the date of the dismissal until such time as cause for the dismissal is established in a court proceeding. Such an award is not a windfall to the employee; it merely represents the means of livelihood the employee lost as a direct result of the employer's haste in discharging him and procrastination in providing an opportunity to contest the discharge. A tenured public employee is entitled to meaningful pre- and post-termination process. The provision of such process is the

duty of the public employer. If cause exists to terminate an employee, the means of establishing such cause consistent with the employee's rights is entirely within the employer's control. To do so without unwarranted delay is in the best interests of all concerned. A failure to do so promptly deprives the employee of income to which he is entitled until due process requirements are met.

Moreover, I do not believe that the distinction between an equitable award of back pay and compensatory damages is as meaningless as the majority suggests. In another context, the Supreme Court has noted "[t]he fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as 'money damages.'" *Bowen v. Massachusetts,* 487 U.S. 879, 893, 108 S.Ct. 2722, 2731, 101 L.Ed.2d 749 (1988). The Court stated:

> Our cases have long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order providing for the reinstatement of an employee with back pay ...
>
> .     .     .     .     .
>
> 'Damages are given to the plaintiff to *substitute* for a suffered loss, whereas specific remedies "are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled." '

*Id.* at 893, 895, 108 S.Ct. at 2731–32, 2732 (quoting *Maryland Dep't of Human Resources v. Department of Health & Human Servs.,* 763 F.2d 1441, 1446 (D.C.Cir. 1985) (emphasis in original) (quoting D. Dobbs, *Handbook on the Law of Remedies* 135 (1973))).

I believe the district court's award of back pay to Brewer represents, rather than compensatory damages, specific relief in the form of wages to which Brewer is entitled. This entitlement exists by virtue of the defendants' failure to accord Brewer his due process rights, and depends on the manner in which Brewer was fired rather than on the reasons for his discharge. The defendants could have cut off Brewer's entitlement to those wages by establishing through proper procedures, either before or after his termination, that Brewer's dismissal was justified. Thus far, the defendants have failed to do so. The back pay award is not premature compensation for a dismissal whose justification has yet to be determined, but the livelihood to which Brewer was entitled until the defendants followed constitutionally sufficient procedures to establish cause for Brewer's dismissal.

I agree with the majority's conclusion that whether Brewer's termination was otherwise justified should be determined by the district court after an evidentiary hearing. I also agree that the defendants bear the burden of proof on this issue. If the defendants fail to show cause for Brewer's dismissal, appropriate compensatory damages should be awarded and the propriety of punitive damages considered. I would uphold the back pay award, however, as relief to which Brewer is entitled irrespective of the propriety of his discharge. Accordingly, I dissent.