**Larry COTTON**

v.

**Dr. Harry J. REYNOLDS, Superintendent of the Chattanooga Public Schools; The Board of Education of the City of Chattanooga.**

**No. CIV–1–91–478.**

United States District Court, E.D. Tennessee, at Chattanooga.

Dec. 4, 1992.

Charles Hampton White, Cornelius & Collins, Nashville, TN, for plaintiff.

Michael A. McMahan, Offices of Chattanooga City Atty., Chattanooga, TN, for defendants.

## MEMORANDUM

EDGAR, District Judge.

### I.

This case is before the Court on motions for summary judgment filed by the plaintiff (Court File No. 9) and by the defendants (Court File No. 21). The plaintiff's motion will be GRANTED IN PART and the defendants' motion will be DENIED. On the scheduled trial date, January 28, 1993, the Court will conduct a hearing on what remedy will be afforded the plaintiff.

### II.

The facts are not in dispute. Plaintiff was discharged from his position as a tenured classroom teacher without a hearing. During the 1990–91 school year, plaintiff taught General Building Maintenance at Howard School of Academics & Technology in the Chattanooga, Tennessee Public School System. As a public school teacher he was required by state law to have a license or certificate issued by the Tennessee Board of Education. Plaintiff taught trade shop, and thus was required to be certified in that field. Plaintiff Cotton's certificate had expired on August 31, 1990. He had been advised during the 1990–91 school year by school officials that it was necessary to have his certificate renewed, and to this end he took several courses at the University of Tennessee.

Because he did not satisfactorily complete the course work, or because the necessary paperwork had not been completed, or for some other reason, as of the beginning of the 1991–92 school year, the state Board of Education had not recertified plaintiff to teach trade shop. On August 26, 1991, plaintiff was notified in writing by Frank Preston, Director of Personnel Services of the Chattanooga Public Schools, that:

Due to the fact that you have failed to take the necessary course work to renew either of these licenses in order to remain eligible to teach in the State of Tennessee, we are recommending to the Board of Education at their next regular meeting that sufficient grounds exist to ask for your termination from the teaching staff of the Chattanooga Public Schools effective August 26, 1991.

Please contact me immediately if you wish to request a hearing before the Board of Education concerning this recommendation.

Plaintiff Cotton replied in writing to Preston on September 4, 1991, as follows:

I received your August 26, 1991 letter on August 28 and believe that I have taken the necessary course work to renew my license to teach. I am in the process of having my course work evaluated by the state Department of Education. Should they concur with me and renew my license, I would like to protect my rights under Chapter 256, Private Act of 1935, and request a written statement as to the grounds for my dismissal be provided me. I will comply with § 6 of Chapter

256, Private Acts of 1935, after I receive the written statement.

Plaintiff's tenure was supplied by Chapter 256, a private act of the Tennessee Legislature applying only to the City of Chattanooga. Under this Act (the "Teacher Tenure Law"), a public school teacher who has been employed for two years can be dismissed only for cause, inefficiency, immorality, or on account of discontinuance of position. The Teacher Tenure Law further provides:

[N]o teacher or principal employed by said City shall be peremptorily or arbitrarily demoted or dismissed but shall receive written notice that demotion or termination of service is contemplated on a special date and the notified teacher or principal may thereupon request that a written statement as to the grounds of demotion or dismissal shall be made, and following the delivery of such written statement the teacher or principal shall have fifteen days in which to request a hearing of said grounds, as hereinafter provided.

1935 Tenn.Priv.Acts 256 § 6.

Cotton was not reemployed for the 1991–92 school year. In late September 1991, plaintiff did finally receive his certificate, and Mr. Preston was so notified. Preston responded on September 30, 1991:

I explained that you did not have a valid professional license or transcript showing enough hours to receive a trade shop license at the beginning of the 1990–91 school year. I am pleased that you now have your professional license and the appropriate hours to have a trade shop license soon. I have discussed your situation with Mrs. Cousin and she agrees that you can now be considered for vacancies which develop in your areas of endorsement.

The Chattanooga Board of Education met on September 9, October 14 and October 21, 1991, without taking action on Cotton's job status. Finally, on November 4, 1991, the Chattanooga Board of Education, without specific notice to Cotton, and acting on the recommendation of Superintendent Reynolds, formally terminated the plaintiff. Although not articulated by the Board of Education, the defendants assert that the reason for the plaintiff's termination was that he failed to timely renew his teaching certificate.

## III.

Under the United States Constitution, one may not be deprived of a property interest by a governmental body without due process of law. Since we are here dealing with a subdivision of the State of Tennessee, we look to the Due Process Clause of the Fourteenth Amendment. Whether or not a "property interest" exists is determined by state law. *Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985). The Teacher Tenure Law, which gives public school teachers tenure after completion of two years of satisfactory service, clearly provides the plaintiff with a property interest in his employment. *See Strong v. Board of Educ.*, 902 F.2d 208, 211 (2d Cir.), *cert. denied*, 498 U.S. 897, 111 S.Ct. 250, 112 L.Ed.2d 208 (1990).

The defendant's argument that the plaintiff had no property interest in his job after August 31, 1990, because of the expiration of his teaching certificate, must be rejected. The plaintiff had a job until he was terminated by the school board. The issue here is whether he was properly terminated, not whether, had he been properly terminated, he should have been terminated. Whether or not plaintiff was qualified under state law as a teacher on any given date does not impact on the issue of whether or not he was provided due process.

Since Cotton did have a property interest in his job, he was therefore entitled to due process. What process was he due? It is clear that he was entitled to some form of pretermination hearing. *Loudermill*, 470 U.S. at 542, 105 S.Ct. at 1493; *Duchesne v. Williams*, 849 F.2d 1004 (6th Cir.1988), *cert. denied*, 489 U.S. 1081, 109 S.Ct. 1535, 103 L.Ed.2d 840 (1989). Defendants have all but admitted that Cotton received no such hearing. Cotton was never given the opportunity to present his side of the story to the Chattanooga School

Board, which was the body that terminated his employment. *Loudermill*, 470 U.S. at 546, 105 S.Ct. at 1495. This Court concludes that Mr. Cotton was deprived of his property interest in his job without due process of law.

## IV.

 What is Cotton's remedy? He asserts that he is entitled to immediate reinstatement and back pay. There has been some authority supporting the plaintiff's contention. *See Brewer v. Parkman*, 918 F.2d 1336, *vacated*, 931 F.2d 456 (8th Cir. 1990); *Irizarry v. Cleveland Public Library*, 727 F.Supp. 357 (N.D.Ohio 1989). However, this view runs counter to the conclusion of the Supreme Court in *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), wherein it is stated that "[p]rocedural due process rules are meant to protect persons not from deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Id.* at 259, 98 S.Ct. at 1050. Following the lead of *Carey*, the Eighth Circuit recently concluded that back pay may not be awarded to a public employee for a due process violation *unless* there is a finding that the employee's discharge would not have occurred if the employee had been afforded his due process rights. *Brewer v. Chauvin*, 938 F.2d 860, 864 (8th Cir.1991). This is in accord with the result reached in an earlier Sixth Circuit case. *Kendall v. Board of Educ.*, 627 F.2d 1, 6 (6th Cir. 1980). On the status of the record in this case, the Court is not now in a position to make that determination. This will have to be addressed at a further hearing to be held on January 28, 1993, the originally scheduled trial date in this case. At that hearing, the Court will hear evidence on the following issues:

1. Whether plaintiff Cotton would have been terminated even if an appropriate pre-termination hearing had been held. The defendants will be required to carry this burden by a preponderance of the evidence. *Brewer*, 938 F.2d at 864.

2. What amount of back pay, if any, was lost by the plaintiff (a) to the date of the January 28, 1993 hearing, and (b) from the date his work terminated to the earliest date the termination could have taken effect had the proper procedures been followed? *Brewer*, 938 F.2d at 864.

3. What is the amount of the plaintiff's attorney fees? Since the plaintiff has prevailed on a claim which has established a right secured by the Constitution, he is entitled to recover his attorney fees under 42 U.S.C. § 1988. *Sutton v. Cleveland Board of Educ.*, 958 F.2d 1339, 1353 (6th Cir.1992).

4. Whether plaintiff should be reinstated to his teaching position.

This disposition of the case under 42 U.S.C. § 1983 makes it unnecessary to deal with plaintiff's state claim under the Teacher Tenure Law which itself does not appear to provide a remedy to plaintiff.

An appropriate order will enter.