_____

No. 96-2214
_____

George Mark Williams,          *
                                     *
      Plaintiff-Appellant,   *
                                     *  Appeal from the United States
   v.                     *  District Court for the
                                   *  Western District of Missouri.
James F. Soligo,          *
                                   *
      Defendant-Appellee.    *
_____

Submitted:  December 13, 1996

Filed:  January 15, 1997
_____

Before LOKEN and HANSEN, Circuit Judges, and PERRY,[*] District Judge.
_____

LOKEN, Circuit Judge.


In December 1989, George Mark Williams bought a truck from the City of Kansas City at an abandoned vehicles auction. In August 1990, Kansas City police impounded the truck and later released it to a prior owner who had reported it stolen. Williams sued the City and police officer James F. Soligo, who impounded the truck, asserting state law claims against the City and § 1983 claims against Soligo. After Williams settled with the City, his procedural due process claim against Soligo was tried to a jury. The district court[1] granted Soligo judgment as a matter of law at the close of the evidence. Williams appeals. We affirm.

_____

[*]The HONORABLE CATHERINE D. PERRY, United States District Judge for the Eastern District of Missouri, sitting by designation.

[1]The HONORABLE ROBERT E. LARSEN, United States Magistrate Judge for the Western District of Missouri who tried the case with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Williams bought the 1975 one-ton Ford truck from the City for $2,000 and invested about $500 in repairs. Months later, Richard Fowler complained to police that he had located his stolen 1975 one-ton Ford truck on the Kansas City streets. Detective Soligo from the Auto Theft Unit investigated and found the truck described by Fowler on the street near Williams's salvage business. Soligo observed that the vehicle identification number ("VIN") on the driver's door was for a 1973 half-ton Ford truck, not a 1975 one-ton truck, and that the truck's license plate was for a 1989 Chevrolet registered to Williams. Soligo talked to Williams, who said he bought the truck at the City's abandoned vehicle sale and showed Soligo a bill of sale from the City for a 1975 Ford truck bearing the illegitimate VIN.

Based upon this conflicting information, Soligo impounded the truck pending further investigation. It was towed to a City lot, where Soligo placed a "hold" on it. After the tow, Soligo located another VIN number for a 1975 one-ton Ford truck stamped on the truck frame. Soligo also checked the tow lot sales records, which confirmed Williams's bill of sale. Concluding that the impounded truck was in fact the truck Fowler had reported stolen, Soligo turned Williams's license plate and the illegitimate VIN plate over to the police property room, advised the Auto Release Desk of the VIN number stamped on the truck frame, and released his "hold" on the vehicle without further instructions. Soligo did not advise Williams of these actions. Shortly thereafter, Fowler filed a claim with the Auto Release Desk, producing a Kansas certificate of title for the truck. The Auto Release Desk processed this claim and released the vehicle to Fowler.

The evidence at trial consisted of Williams's brief testimony and the reading of a four-page Stipulation of Uncontroverted Facts. On this sparse record, the district court granted judgment for Soligo because Williams failed to prove either an intentional or

reckless due process deprivation or an injury proximately caused by Soligo's actions.

Mere negligence is not an actionable deprivation under the Due Process Clause of the Fourteenth Amendment. See Daniels v. Williams, 474 U.S. 327, 331 (1986). In most § 1983 cases raising procedural due process claims, it is clear that the alleged deprivation was intentional, even if the alleged failure to provide adequate process was inadvertent. See Daniels, 474 U.S. at 333-34 (the relevant conduct in Wolff v. McDonnell, 418 U.S. 539 (1974), for example, was the prison officials' "deliberate decision to deprive the inmate of good-time credit, not their hypothetically negligent failure to accord him the procedural protections of the Due Process Clause"). But in this case, the nature of the alleged deprivation is not at all clear. Beyond the initial decision to impound the truck, which Williams does not contest, Soligo took no action depriving Williams of his property. By releasing his investigative "hold" on the vehicle, Soligo simply turned the matter over to those City officials at the Auto Release Desk who are authorized to release a towed vehicle to the proper claimant. Williams argues that if Soligo had told the Auto Release Desk of Williams's claim, or had told Williams the "hold" had been released so Williams could submit a claim, the City would have commenced an interpleader action to resolve the competing claims of Fowler and Williams. In other words, Williams contends that in completing his investigative duties Soligo failed to protect Williams's property interest. That is a negligent deprivation claim barred by Daniels.

We also agree with the district court's alternative ground, that Williams failed to prove proximate cause. Williams's damage evidence consisted of testimony regarding the value of the vehicle to Williams. That evidence is irrelevant absent proof that Williams's claim to the vehicle was superior to the claim of Fowler. See Brewer v. Chauvin, 938 F.2d 860 (8th Cir. 1991) (en banc). Of course, a plaintiff deprived of procedural due process

is entitled to nominal damages.  <u>See</u> <u>Carey v. Piphus</u>, 435 U.S. 247, 266 (1978).  But a procedural deprivation must be proved.  Here, there was no proof of Auto Release Desk procedures and no proof that, had Williams submitted a timely claim to that Desk, his claim would have been sufficiently potent to persuade the City to commence an interpleader action or some other form of pre-deprivation hearing.  Because Soligo was not responsible for determining the merits of Williams's claim to the property, Williams could not prove that Soligo's action proximately caused procedural due process injury without more evidence regarding what process might otherwise have been due.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.