**Roland DUREPOS**

v.

**TOWN OF VAN BUREN, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 2, 1986.
Decided Oct. 24, 1986.

Tanous & Heitmann, Wakine G. Tanous, (orally), East Millinocket, Dean A. Beaupain, Millinocket, for plaintiff.

Andrew Mead (orally), Bangor, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Plaintiff Roland Durepos appeals from a judgment entered in favor of the Town of Van Buren in a suit seeking relief for the unlawful termination of his employment. The Superior Court (Aroostook County) ruled in defendant's favor at the conclusion of a jury-waived trial. On appeal, plaintiff contends that the Superior Court erred in finding that his termination did not violate statutory and constitutional provisions for notice and hearing. We find no error in the judgment of the Superior Court and we deny the appeal.

I.

The facts may be briefly summarized as follows: Plaintiff was hired by the Van Buren town manager in 1966 as a heavy equipment operator. In 1973, he was promoted by the town manager to assistant foreman of the Highway Department, the position that he held at the time of his termination. At no time did plaintiff have an employment contract with the Town of Van Buren. It is undisputed that plaintiff was a satisfactory employee.

The Town of Van Buren suffered financial difficulties in 1981–1982. On March 16, 1982, the Van Buren Town Council restructured a number of employment positions and voted 3–2 not to rehire plaintiff, the Highway Assistant, the Welfare Director and the Police Chief. No notice or opportunity for hearing was afforded plaintiff before his termination. The Highway Department was subsequently combined with the Sewer and Dump Departments under the authority of one superintendent. The new superintendent's duties included supervision of the Highway Department.

## II.

■ Plaintiff argues on appeal that he was entitled to notice and a hearing pursuant to 30 M.R.S.A. § 2317(1)(N) (1978),[1] 30 M.R.S.A. § 2256 (Supp.1985)[2] and the Van Buren personnel policy. These provisions guarantee an employee notice and a hearing before he is dismissed "for cause." The phrase "for cause", however, refers to conduct affecting the ability and fitness of the employee to perform his duties. *Napolitano v. Ward*, 317 F.Supp. 79, 81 (N.D. Ill.1970); *see also Safransky v. State Personnel Board*, 62 Wis.2d 464, 474, 215 N.W.2d 379, 384 (1974) ("just cause"). Plaintiff was not dismissed because of his inability to perform his job responsibilities, rather the Superior Court found that he was terminated in good faith for budgetary reasons. Under these circumstances, the Superior Court correctly found no statutory violation. We conclude that the notice and hearing requirements of 30 M.R.S.A. § 2256 and § 2317(1)(N) are not implicated when an employment position is eliminated for budgetary reasons.

The Superior Court determined that a municipality is free to abolish a civil service position and limited "its inquiry to the issue of good faith in the motivation of the municipality's action." *See Sevigny v. City of Biddeford*, 344 A.2d 34, 41 (Me.1975). Neither party challenges this conclusion on appeal, but each argues that the other should bear the burden of proving the presence or absence of good faith. In the present case, however, we need not resolve the proper assignment of the burden of proof because the court specifically found that the Town had proven good faith and plaintiff had failed to prove bad faith. Under such circumstances, the Town prevails regardless of the allocation of the burden.

■ Finally, plaintiff argues on appeal that he was unconstitutionally deprived of his property without due process of law. Me. Const. Art. I, § 6–A; U.S. Const. Amend. XIV. A public employee has a constitutionally protected property interest in continued employment where a justifiable expectation of continuity is guaranteed to some extent by state statute, contract or implicit conduct or policy. *Hammond v. Temporary Compensation Review Board*, 473 A.2d 1267, 1271 (Me.1984). The record before us provides no basis for finding a justifiable expectation of continued employment and, thus, plaintiff had no property interest.

The entry is:

Judgment affirmed.

All concurring.

---

1. 30 M.R.S.A. § 2317 (1978) states:

   **§ 2317. Powers and duties of town manager**

   **1.** Duties. The town manager shall:

   **N.** Have exclusive authority to remove for cause after notice and hearing all persons whom he is authorized to appoint and report all removals to the board of selectmen.

2. 30 M.R.S.A. § 2256 (Supp.1985–1986) states in relevant part:

   **§ 2256. Municipal functions**

   Except where specifically provided by statute, municipal charter or municipal ordinance, the municipal officers shall appoint all town officials and employees required by general law, by municipal charter or by municipal ordinance and may remove such officials and employees for cause, after notice and hearing.