January 21, 1993
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1611

GLENN A. CUMMINGS,

Plaintiff, Appellant,

v.

SOUTH PORTLAND HOUSING AUTHORITY, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Torruella, Circuit Judge,

Brown,* Senior Circuit Judge,

and Stahl, Circuit Judge.

John J. Finn for appellant.

Terry A. Fralich, with whom Peter J. DeTroy III and Norman,

Hanson & DeTroy, were on brief for appellees.

* Of the Fifth Circuit, sitting by designation.

TORRUELLA, Circuit Judge. Appellant Glenn Cummings

brought suit against appellee South Portland Housing Authority

("SPHA") for: (1) the unconstitutional deprivation of a property

interest in continued employment pursuant to 42 U.S.C. 1983

(" 1983"); (2) breach of contract; (3) intentional interference

with prospective employment; and (4) negligent infliction of

emotional distress. The district court adopted a magistrate's

recommendation that appellant lacked a constitutionally protected

property interest in continued employment, and thus granted

summary judgment for the SPHA on the 1983 claim. The district

court also dismissed the three state law claims because

supplemental jurisdiction was inappropriate once the court

dismissed the only federal claim. The judgment dismissed the

1983 claim with prejudice and the state law claims without

prejudice. Because we find that appellant had a constitutionally

protected property interest in his continued employment, we

reverse and remand the case to the district court for further

proceedings.

BACKGROUND

The SPHA is a municipal authority authorized under a

state enabling statute. See Maine Housing Authorities Act, Me.

Rev. Stat. Ann. tit. 30, 4701 (West 1991). Appellant worked

for the SPHA as a department head in charge of maintenance. On

May 30, 1988, when the SPHA hired appellant, it informed him that

he would have to serve a probationary period during which the

SPHA could fire him at any time. The SPHA further informed

appellant that after the probationary period he would become a

permanent employee, and that the SPHA's personnel policy would

govern his employment.

Sometime during appellant's first year of employment,

he gave the executive director of the SPHA an undated, written

letter of resignation, and told him to use it if he ever failed

to fulfill his responsibilities at the SPHA. On July 13, 1990,

well after the probationary period ended, the executive director

presented appellant with this letter, stating that they had come

to a "parting of ways." Appellant then requested a termination

hearing, and the SPHA rejected that request.

DISCUSSION

I. Section 1983 claim

The central issue on appeal is whether appellant had a

constitutionally protected property interest in his continued

employment. A public employee has such an interest when he

reasonably expects that his employment will continue. Perkins v.

Board of Directors, 686 F.2d 49, 51 (1st Cir. 1982). An "at

will" employment contract creates no reasonable expectation of

continued employment, while an employment agreement that permits

termination only "for cause" does create that expectation. Id.

Whether an employment contract permits dismissal solely

"for cause" is a matter of state law. Id. at 52. In general,

under Maine law, "a contract of employment for an indefinite time

is terminable at the will of either party." Libby v. Calais

Regional Hospital, 554 A.2d 1181, 1182 (Me. 1989). However,

parties may restrict the employer's ability to terminate the

-3-

employment contract to occasions when "cause" exists by clearly

and expressly stating that intention. Id. That intention can be

expressed in an employment manual. Id. at 1183. However, the

manual must use clear and express language to restrict the

employer's ability to discharge employees. Id. Language in a

manual merely implying a "for cause" limitation will not bind an

employer. Id.

There are two relevant sections in the employee manual.

Section 1(a) reads:

Merit System. The employment of

personnel and all actions effecting (sic)
employees shall be based solely on merit,
ability (performance), and justice.

Section 7(b) reads:

Dismissals. An employee who provides

unsatisfactory service or who is guilty
of substantial (sic) violation of
regulations shall be subject to dismissal
without prior notice. In such cases, the
employee shall have the right to a
hearing before the Executive Director.
The employee may appeal the decision of
the Executive Director to the existing
Personnel Committee.

Appellee argues that the SPHA manual does not provide a

clear and specific restriction on termination as required by

Libby. Appellee apparently takes the position that the manual

would have to specifically use the words "for cause" in order to

limit an employer's ability to terminate employees to occasions

where cause exists. However, Maine law does not support that

position.

In Durepos v. Town of Van Buren, 516 A.2d 565, 566 (Me.

-4-

1986), the Maine Supreme Court stated that "[t]he phrase 'for

cause' . . . refers to conduct affecting the ability and fitness

of the employee to perform his duties." Thus, language in a

manual that permits dismissal based only on an employee's ability

to do his job constitutes a "for cause" limitation.

Similarly, in Lovejoy v. Grant and Maine School

Administrative District No. 37, 434 A.2d 45, 50 (1981), the Maine

Supreme Court found that Maine law provides that "certain public

school teachers may be discharged only for cause." The court

based its conclusion on a statute entitling tenured teachers to

substantive and procedural protections from non-renewal of their

contracts and a statute permitting the dismissal of unfit or

unprofitable teachers. Id.

Against the backdrop of these precedents, the SPHA

employment manual clearly restricts the SPHA's ability to

terminate employees. It specifically states that all actions

affecting employees will be based on merit and ability.

Accordingly, the SPHA manual created a constitutionally protected

property interest in appellant's continued employment. Thus, we

reverse the district court's judgment and remand for a

determination of whether appellant received due process in his

dismissal.

II. State Law Claims

Because appellant has stated a federal cause of action,

we reverse the dismissal of the state law claims and remand them

to the district court to determine whether supplemental

-5-

jurisdiction is appropriate.

Reversed and remanded.

-6-