David **MERCIER**

v.

**TOWN OF FAIRFIELD.**

Supreme Judicial Court of Maine.

Argued June 1, 1993.

Decided July 29, 1993.

Joseph J. Hahn (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

Vernon I. Arey, Peter T. Marchesi (orally), Wheeler & Arey, P.A., Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

The Town of Fairfield appeals from the entry of a judgment in the Superior Court (Somerset County, *Chandler, J.*) following a jury verdict in favor of David Mercier on his complaint alleging a violation of the Fairfield Town charter, a breach of contract, and a denial of due process arising from the Town's failure to reappoint him as Town Manager. Mercier cross-appeals from a directed verdict in favor of the Town on his claim that the Town's actions violated state law. We affirm the judgment.

David Mercier was hired by the Town Council of Fairfield in August of 1984 to be the Town Manager. In January of 1985, 1986, 1987, 1988, and 1989, following the annual election of the Town Council members, Mercier was formally re-appointed to his position as Town Manager. At its organizational meeting on January 2, 1990, the Town Council did not re-appoint Mercier. Mercier filed a complaint in the Superior Court alleging that the Town's action violated its charter and state law, breached his employment contract, and violated his right to due process, seeking declaratory and injunctive relief, and compensatory and punitive damages.

At the trial, former Town Council members testified that they intended Mercier's employment as Town Manager to be for an indefinite period of time. There was also evidence that the Council urged Mercier to purchase property and reside in Fairfield, and that Mercier informally committed to stay as Town Manager at least until his children completed high school. The jury returned a verdict in favor of Mercier, finding, *inter alia*, that Mercier had a contract of employment for an indefinite term that was breached by the Town's actions and that the Town violated Mercier's right to due process, and awarded damages in the amount of $85,000.[1] The court then addressed Mercier's claim for equitable relief and, finding reinstatement impracticable, awarded him front pay in the amount of

---

1. The award consisted of $71,168 for the breach of contract and $13,832 for emotional distress arising from the due process violation.

$60,000. The Town's appeal and Mercier's cross-appeal followed.

## I. Breach of Contract

■ The Town contends that Mercier's unwritten employment contract for an indefinite term is within the statute of frauds and is therefore unenforceable. *See* 33 M.R.S.A. § 51(5) (1988).[2] The statute of frauds serves primarily an evidentiary function, providing protection from perjury and fraud by requiring contracts of long duration to be in writing in order to be admitted in evidence against the party to be charged. *Dehahn v. Innes*, 356 A.2d 711, 717 (Me.1976). "Such statutes affect the remedy only and not the validity of the contract. A [party] may waive the protection of the statute, admit verbal evidence of the contract and become bound by it." *Id.* at 717–18. As a result, a party's admission of all the facts necessary to establish an oral agreement will render a contract otherwise within the statute of frauds enforceable against that party. *Paris Utility Dist. v. A.C. Lawrence Leather Co.*, 665 F.Supp. 944, 956–57 (D.Me.1987) (applying Maine law) *aff'd*, 861 F.2d 1, 4 (1st Cir. 1988).

■ Here, the former Town Council members testified (as did Mercier) that they intended Mercier's employment as Town Manager to be for an indefinite period of time.[3] Although they no longer represented the Town at the time of the litigation, their testimony as to their official actions during their tenure as members of the Town Council operates as an admission by the Town for the purpose of establishing the facts necessary to the formation of the oral contract made during their tenure. *See Starrett v. Inhabitants of the Town of Thomaston*, 126 Me. 205, 211–12, 137 A. 67, 70 (1927) (Town liable for actions of municipal officers). Given the evidentiary function of the statute of frauds, the proof of the duration of the contract provided by the testimony of the former Town Councilors is sufficient to avoid the application of the statute of frauds. *Paris Utility Dist.*, 665 F.Supp. at 956–57; *Dehahn*, 356 A.2d at 718.

## II. Due Process

■ The Town contends that there is insufficient evidence to support the jury's finding that Mercier had a property right in continued employment with the Town that entitles him to due process protection. In a case such as this, in order to state a cognizable claim for a violation of due process pursuant to 42 U.S.C.A. § 1983 (1981),[4] a plaintiff must show a deprivation of a constitutionally protected property or liberty interest. *Carey v. Piphus*, 435 U.S. 247, 259, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978); *Mueller v. Penobscot Valley Hosp.*, 538 A.2d 294, 300 (Me.1988). A property interest in continued employment may be established by contract, or by proof of an objectively reasonable expectation of continued employment. *Hammond v. Tempo-*

**2.** 33 M.R.S.A. § 51(5) (1988) provides:

No action shall be maintained ... [u]pon any agreement that is not to be performed within one year from the making thereof ... unless the promise, contract or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith....

**3.** A contract of employment for an indefinite period is terminable at the will of either party unless the parties have clearly stated their intention to restrict the common law rule. *Staples v. Bangor Hydro–Elec. Co.*, 561 A.2d 499, 501 (Me. 1989). Section 204 of the Town Charter authorizes the Town Council to "[a]ppoint and remove *with just cause* the Town Manager, Treasurer, Town Clerk, Tax Assessor, Town Attorney, and Administrative Boards and Members of the Committee" thereby manifesting the Town's intention to restrict its ability to terminate these officials. Accordingly, by establishing that the contract was for an indefinite term, Mercier is afforded just-cause protection for the duration of the term.

**4.** 42 U.S.C.A. § 1983 (1981) provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*rary Compensation Review Bd.,* 473 A.2d 1267, 1271 (Me.1984).

■ Mercier presented sufficient evidence to establish his interest in continued employment. Mercier's evidence of his reasonable expectation of continued employment included both his and the Council's stated intentions to create a contract for employment for an indefinite period, the Town's charter provisions concerning just-cause termination, the routine annual reappointments that were effected without discussion, the positive evaluations of his performance issued by the Council in 1986 and 1988, the Council's urging Mercier to relocate to Fairfield to reflect his commitment to the Town, and a substantial salary increase in 1989. The Town presented no relevant evidence that supported its contention that Mercier's expectation of continued employment was unreasonable.[5] The jury's verdict is sufficiently supported in this record. *Burton v. Merrill,* 612 A.2d 862, 865 (Me.1992).

### III. Front Pay

■ The Town contends that the court erred in concluding that Mercier was entitled to front pay as a result of the denial of due process. Compensation for a deprivation of procedural due process is limited to damages attributable to the lack of pro-

cess. *Carey,* 435 U.S. at 260, 98 S.Ct. at 1050. In the employment context, therefore, reinstatement or, if reinstatement is not feasible, front pay, is a proper remedy for a deprivation of procedural due process unless it is shown that the discharge was otherwise justified. *Brewer v. Chauvin,* 938 F.2d 860, 863 (8th Cir.1991); *Starrett v. Wadley,* 876 F.2d 808, 824 (10th Cir. 1989). The record reveals no evidence that Mercier's termination was otherwise justified.[6] It is undisputed that reinstatement is not now possible due to the Town's commitment to a new Town Manager. Accordingly, the court did not abuse its discretion in awarding front pay. *Starrett,* 876 F.2d at 824.

Because we affirm the judgment on the above grounds, we need not address either the Town's further claim that there was insufficient evidence to support the jury's finding that the Town's actions violated its charter or Mercier's cross-appeal challenging the court's conclusion that the Town had not adopted the statutory Town Manager plan. *See* 30–A M.R.S.A. §§ 2631– 2639 (Pamph.1992).

■ Nor do we find any merit in the Town's contention that Mercier's cause of action is fatally defective because it was maintained as a traditional civil action rath-

---

5. We reject the Town's contention that the court erroneously excluded evidence of the Townspeople's dissatisfaction with Town government offered to prove that Mercier's expectation of continued employment was unreasonable. Legitimate expectations of continued public employment arise from statute, contract, or the conduct or policy of *the employer. Hammond v. Temporary Compensation Review Bd.,* 473 A.2d 1267, 1271 (Me.1984). Public opinion establishes neither conduct nor policy attributable to the Town Council. Accordingly, the court did not err in excluding the evidence as irrelevant.

6. The Town contends that the excluded evidence that it offered to rebut Mercier's claimed reasonable expectation of continued employment, *see supra* note 5, would also establish its justification for the termination. The Town, however, failed to preserve this issue for appeal by not asserting this aspect of the evidence's relevance before the trial court. *See Aucella v. Town of Winslow,* No. 6568 slip op. at 5, —— A.2d —— at —— (Me. July 8, 1993).

Nor did the Town seek to present its evidence of justification to the trial court when it had the opportunity to do so in response to Mercier's motion for reinstatement. Rather, the Town requested the court to remand the case for a just cause hearing before the Town Council or for determination by the jury. The issue of justification, however, is a factual finding that is properly for the court as part of its determination of the equitable relief to which Mercier is entitled. *See Swank v. Smart,* 898 F.2d 1247, 1255–56 (7th Cir.1990) (whether adequate procedures would have changed the outcome is relevant to damages, not liability). Because the Town did not submit its evidence of justification to the court, it failed to meet its burden of proof as to whether Mercier's termination was otherwise justified. *Brewer v. Chauvin,* 938 F.2d 860, 864 (8th Cir.1991) (employer bears burden of proving that employee would have been fired even if procedural due process had been observed).

er than conforming to the procedural requirements of M.R.Civ.P. 80B. That the court has jurisdiction to entertain a claim for review of government action pursuant to Rule 80B does not prevent the filing of independent civil claims otherwise available. *See Marxsen v. Board of Directors, M.S.A.D. No. 5,* 591 A.2d 867, 869 (Me. 1991) (independent civil counts dismissed for failure to state a claim while 80B count dismissed for failure to comply with 80B); *Lyons v. Board of Directors of School Admin. Dist. No. 43,* 503 A.2d 233, 238 n. 7 (Me.1986) (independent claim for wrongful discharge distinct from 80B review).

Mercier's case was filed and proceeded in accordance with the pretrial procedure outlined in M.R.Civ.P. 16. The Town did not raise its procedural dispute until nine months into the litigation, well after both parties had actively participated in pretrial scheduling and discovery. Although Mercier may have been able to seek review of the termination proceedings pursuant to Rule 80B, given the procedural purpose of Rule 80B and its intended flexibility, it was not error in these circumstances to treat the entire cause of action as a traditional civil action. *See LaBonta v. City of Waterville,* 528 A.2d 1262, 1264 (Me.1987) (remand of declaratory judgment action erroneously brought as an 80B appeal would serve no purpose); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 80B.2 at 313 (1970).

The entry is:

Judgment affirmed.

All concurring.