Bertrand MOREAU

v.

**TOWN OF TURNER et al.**

Supreme Judicial Court of Maine.

Argued March 15, 1995.
Decided July 18, 1995.

Curtis Webber (orally), Linnell, Choate & Webber, Auburn, for plaintiff.

Thomas F. Monaghan (orally), Monoghan, Leahy, Hochadel & Libby, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Bertrand Moreau appeals from the judgment entered in the Superior Court (Androscoggin County, *Saufley, J.*) affirming the decision of the Board of Selectmen of the Town of Turner dismissing him from his position as the Town's code enforcement officer and granting a summary judgment (*Atwood, J.*) in favor of the Town on his complaint alleging a claim for damages pursuant to 42 U.S.C. § 1983 (1994) and a violation of the Freedom of Access Law, 1 M.R.S.A. §§ 401–410 (1989 & Supp.1994). Moreau contends that the trial court erred in determining that there was sufficient evidence before the Board to establish cause for his dismissal and by granting a summary judgment in favor of the Town. Finding no error, we affirm the judgment.

In 1989 the Town employed Moreau as the code enforcement officer. In May 1992, Moreau was told by the town manager, Kenneth Kokernak, that his job performance was no longer acceptable and he should consider searching for another position. In July 1992,

notwithstanding Kokernak's written denial of Moreau's request to attend a seminar on wetlands, Moreau attended the seminar after notifying Kokernak's administrative assistant. On July 14, Kokernak suspended Moreau without pay for two days for taking an unauthorized vacation.

By a letter dated August 3, 1992, the Board notified Moreau that Kokernak had brought thirteen charges against him. Following public hearings on the charges at which Moreau was represented by counsel, the Board found the evidence was sufficient to support ten of the thirteen charges and voted unanimously to dismiss Moreau. The charges upheld by the Board concerned, *inter alia,* issuing building permits in violation of Town ordinances, failing to provide Kokernak with requested information, being absent without authorization, failing to keep proper records, and lacking administrative ability.

By his three-count complaint, Moreau sought judicial review of the Board's decision, pursuant to M.R.Civ.P. 80B; damages for the Town's alleged deprivation of his property without due process by its suspension of him for two days without pay, pursuant to 42 U.S.C. § 1983;[1] and a declaration that the Board's decision was null and void for the alleged violation of 1 M.R.S.A. § 405(6) (1989), pursuant to 1 M.R.S.A. § 409 (1989).[2] Moreau did not request a trial of the facts to permit the introduction of evidence not appearing in the proceeding before the Board and not stipulated by the parties pursuant to Rule 80B(d). Rather, Moreau filed a motion pursuant to Rule 80B(i) to specify the future course of proceedings and advised the court that his Rule 80B appeal could be resolved "independent of a resolu-

tion of plaintiff's two independent causes of action."

Following a hearing on Moreau's claim seeking judicial review of his dismissal, the court affirmed the Board's decision dismissing Moreau. Thereafter, the Town filed a motion to dismiss or, in the alternative, for a summary judgment on Moreau's remaining two counts. After a hearing, the court determined, *inter alia,* that Moreau had an adequate redress provided by state law for his claim pursuant to section 1983; and that by failing to file a proper motion for a trial on the facts pursuant to M.R.Civ.P. 80B(d), Moreau was confined to the record before the Board on his claim of a violation of 1 M.R.S.A. § 405(6). Accordingly, the trial court granted a summary judgment in favor of the Town on these two counts, and Moreau appeals.

I.

■ Moreau first contends that the trial court erred in determining that the evidence before the Board was sufficient to establish cause for his dismissal. We disagree. When, as here, the Superior Court reviews the record developed before the Board, we review the decision of the Board directly for an abuse of discretion, error of law, or findings unsupported by the evidence. *International Paper Co. v. Bd. of Envtl. Protection,* 629 A.2d 597, 599 (Me.1993).

■ "The municipal officers may remove a code enforcement officer for cause, after notice and hearing." 38 M.R.S.A. § 441(1) (Supp.1994); *see also* Turner Personnel Policy, Aft. 22, § 22.5 ("All disciplinary actions

---

1. 42 U.S.C. § 1983 provides:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. 1 M.R.S.A. § 405(6) provides, in pertinent part, that any person charged or investigated shall be

permitted to be present at any executive session of any body or agency if that person desires.

   1 M.R.S.A. § 409(2) provides, in pertinent part:

    If any body or agency approves ... [an] official action in an executive session, this action shall be illegal and the officials responsible shall be subject to the penalties hereinafter provided. Upon learning of any such action, any person may appeal to any Superior Court in the State. If a court, after a trial de novo, determines this action was taken illegally in an executive session, it shall enter an order providing for the action to be null and void.

shall be for cause."). We have stated that "[d]ismissal 'for cause' is appropriate when an employee's conduct affects his ability and fitness to perform his duties." *Chapman v. City of Rockland*, 524 A.2d 46, 47 (Me.1987) (citing *Durepos v. Town of Van Buren*, 516 A.2d 565, 566 (Me.1986)). "Cause" is a flexible concept that relates to an employee's qualifications and implicates the public interest. *Frye v. Town of Cumberland*, 464 A.2d 195, 201 (Me.1983) (citations omitted). We have also noted that "cause for dismissal" clauses were put in statutes "to protect public employees from mass political firings upon the election of a new administration." *Id.*

Here, the record reflects that the evidence before it supports the findings of the Board that Moreau did not accept supervision, he did not have a good understanding of the Town ordinances, and he lacked administrative ability, on which the Board based its determination that Moreau's conduct affected his ability and fitness to perform his duties as a code enforcement officer. Accordingly, the trial court properly concluded that the evidence before the Board was sufficient to establish cause for Moreau's dismissal.[3]

## II.

■ Moreau next contends that the two-day suspension was a deprivation of his property, that he received inadequate due process, and that the trial court erred by granting a summary judgment in favor of the Town on this claim. We disagree.

"In reviewing the grant of a motion for a summary judgment, we examine the evidence in the light most favorable to the party against whom the judgment was granted and accord that party the benefit of all favorable inferences that may be drawn from the evidence to determine whether the record supports the trial court's conclusion that there is no genuine issue as to any material fact and the defendant is entitled to a judgment as a matter of law." *Fisherman's Wharf Assoc. II v. Verrill & Dana*, 645 A.2d 1133, 1135 (Me.1994).

We previously have stated that "[w]here state law provides adequate redress to a plaintiff deprived of a constitutionally protected property interest, no section 1983 action will lie." *Gregory v. Town of Pittsfield*, 479 A.2d 1304, 1308 (Me.1984); *Jackson v. Town of Searsport*, 456 A.2d 852, 858–59 (Me.1983); *see Parratt v. Taylor*, 451 U.S. 527, 543–44, 101 S.Ct. 1908, 1916–17, 68 L.Ed.2d 420 (1981) (holding that availability of state tort remedy satisfied due process requirement for prisoner deprived of property); *Ingraham v. Wright*, 430 U.S. 651, 678, 97 S.Ct. 1401, 1415, 51 L.Ed.2d 711 (1977) (holding that state tort suit would provide adequate due process to child spanked by school employee); *Perez–Ruiz v. Crespo–Guillen*, 25 F.3d 40, 42–43 (1st Cir.1994) (holding that procedural due process claim is not actionable unless no adequate remedy available under state law).

In this case, Moreau had the opportunity to pursue this claim pursuant to state law. Although the Board invited Moreau to address his concerns about the two-day suspension during the hearing on the charges brought by Kokernak,[4] Moreau failed to do so. Had he presented the claim to the Board and been dissatisfied with its decision, Moreau could have sought judicial review of the decision pursuant to Rule 80B. Moreau's failure to avail himself of the adequate avenue for redress provided by state law precludes him from bringing this separate action pursuant to section 1983, and the trial court properly granted a summary judgment in favor of the Town on this claim.

3. Although in its discussion and consideration of the charges prior to its vote the Board did not adhere strictly to the language of charges 1, 6 and 11, we are satisfied by our review of the entire record that there was sufficient evidence to support the Board's decision as to those charges.

4. In the notice of the hearing from the Board, Moreau was informed that he could present the Board with information concerning his suspension. The notice provided, in part:

> The Board of Selectmen is also aware that you make certain claims against the Town on account of your working conditions and certain discipline, and concerning your compensation. Please be prepared to present whatever information you wish in support of these claims, so that they can be considered at that time.

## III.

Relying on *Mercier v. Town of Fairfield*, 628 A.2d 1053 (Me.1993), Moreau contends that his Freedom of Access claim is not barred due to his failure to request a trial of the facts pursuant to Rule 80B(d).[5] Moreau contends that the Town has waived its objection to a trial on the facts because it did not raise this objection at the hearing on his Rule 80B(I) motion to specify the course of further proceedings. We disagree.

Moreau's reliance on *Mercier v. Town of Fairfield*, is misplaced. In *Mercier*, the Town sought to have the plaintiff's breach of contract and section 1983 claim dismissed nine months into the litigation because Mercier did not comply with the procedural requirements of Rule 80B. *Mercier*, 628 A.2d at 1057. Although Mercier could have brought his claims pursuant to Rule 80B, we concluded that his noncompliance with Rule 80B was excused because his claims could be brought as independent civil claims. *Id.* Unlike the claims in *Mercier*, however, the Freedom of Access Law claim in the instant case must be brought pursuant to Rule 80B. *Colby v. York County Comm'rs*, 442 A.2d 544, 548 (Me.1982) (holding that a Freedom of Access Law claim is controlled by Rule 80B and is not an independent basis for relief). Therefore, if Moreau wished to have a trial and to augment the record with additional evidence he could obtain through discovery, he was obligated to bring a Rule 80B(d) motion with a detailed statement of the evidence he intended to introduce at trial. *Marxsen v. Bd. of Directors, M.S.A.D. No. 5*, 591 A.2d 867, 871

(Me.1991) (holding that plaintiff was obligated to comply with Rule 80B(d) to introduce evidence that there was secret meeting of the Board); *see also Palesky v. Town of Topsham*, 614 A.2d 1307, 1310 n. 3 (Me.1992) (holding that by failure to file Rule 80B(d) motion, plaintiff waives right to a trial on the facts).

Although Moreau brought a Rule 80B(i) motion to specify the course of future proceedings, he mistakenly treated his Freedom of Access Law claim as an independent action and not as part of his 80B claim. *Colby*, 442 A.2d at 548. By his failure to comply with the provisions of 80B(d), he failed to preserve his right to a trial on the facts of this claim. Accordingly, Moreau is confined to the evidence in the record of the proceedings before the Board. Because that record offers no support for Moreau's contention that the Board held executive sessions without affording Moreau the opportunity to be present, the trial court properly granted a summary judgment in favor of the Town on this claim.

The entry is:

Judgment affirmed.

All concurring.

---

5. M.R.Civ.P. 80B(d) provides:

**Motion for Trial; Waiver.** If the court finds on motion that a party to a review of governmental action is entitled to a trial of the facts, the court shall order a trial to permit the introduction of evidence that does not appear in the record of governmental action and that is not stipulated. Such motion shall be filed within 30 days after the complaint is filed. The failure of a party to file said motion shall constitute a waiver of any right to a trial of the facts. Upon filing of a motion for trial of the facts, the time limits contained in this rule shall cease to run pending the issuance of an

appropriate order of court specifying the future course of proceedings with that motion. With the motion the moving party shall also file a detailed statement, in the nature of an offer of proof, of the evidence that the party intends to introduce at trial. That statement shall be sufficient to permit the court to make a proper determination as to whether any trial of the facts as presented in the motion and offer of proof is appropriate under this rule and if so to what extent. After hearing, the court shall issue an appropriate order specifying the future course of proceedings.