STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss.                                 CIVIL ACTION
                                                Docket No. AP-11-12

WILLIAM BOUCHER, M.D. and
FORTUNE'S ROCK CONSULTANTS

        Plaintiffs / Petitioners

v.                                              **Order and Decision**

MAINE WORKERS COMPENSATION
BOARD,

        Defendant / Respondent



STATE OF MAINE
Cumberland, ss. Clerk's Office

JUN 3 0 2011

RECEIVED

The court has before it:

1) Petitioners' Motion to Specify the Future Course of Proceedings, filed March 29, 2011;

2) Defendant's/Respondent's Motion to Dismiss Count II of Plaintiffs'/Petitioners' Complaint, filed April 12, 2011, with Plaintiffs'/Petitioners' Objection filed May 2, 2011;

3) Petitioners' Motion to Take Additional Evidence and to Take Discovery, filed May 2, 2011, with Defendant's/Respondent's Objection filed May 19, 2011.

## BACKGROUND

The petitioners' complaint consists of two counts: an 80C appeal of a decision of the Workers Compensation Board, which fined the petitioners $3,400 based on its finding that the petitioners "intentionally and repeatedly violated [90-351 C.M.R. ch. 005, §12 (2011)] and knowingly continu[e] to do so" (R. at 302); and count II, a "Cause of Action for Declaratory and Injunctive Relief and for Attorney's Fees" pursuant to 42 U.S.C. § 1983, which alleged that the fine the Board imposed constituted a deprivation of property in violation of law, without due process, and a violation of the petitioners'

1

liberty interest in that it "creates the stigma of fraud and imposes a tangible burden on [Dr. Boucher's] ability to practice medicine." (Compl. ¶ 9.)

The defendant now moves to dismiss count II for failure to state a claim on the grounds that count I, the petitioners' 80C appeal, represents the adequate and exclusive state law remedy, and count II, which relies upon the same set of facts, is duplicative and subject to dismissal. The petitioners' motion to specify future course of proceedings also moves for leave to take additional evidence, including possibly discovery, pursuant to 5 M.R.S. §11006(1), the Administrative Procedure Act. The court held a hearing on the motions on June 30, 2011. Because the defendant's motion to dismiss will necessarily decide the other motions, the court will address it first.

## DISCUSSION

I.    Defendant/ Respondent's Motion to Dismiss

"To formulate a cognizable section 1983 claim, a plaintiff must allege that the state deprived him or her of a protected liberty or property interest without due process of law." *Kane v. Comm'r of Dep't of Health and Human Servs.*, 2008 ME 185, ¶ 30 n. 4, 960 A.2d 1196, 1204. However, "where state law provides adequate redress to a plaintiff deprived of a constitutionally protected property interest, no section 1983 action will lie." *Moreau v. Town of Turner*, 661 A.2d 677, 680 (Me. 1995) (quotation and citation omitted). Thus, even if the petitioners have alleged that the state deprived them of a protected liberty or property interest, if state procedures are adequate to compensate the petitioners for their loss, then no § 1983 claim will lie. *See Gregory v. Town of Pittsfield*, 479 A.2d 1304, 1308 (Me. 1984), *cert. denied by Gregory v. Pittsfield*, 470 U.S. 1018 (1985); *Jackson v. Town of Searsport*, 456 A.2d 852, 858-59 (Me. 1983), *cert. denied sub nom Jackson v. Handley*, 464 U.S. 825 (1983); *see also Gorham v. Androscoggin County*, 2011 ME 63, ¶¶ 21-25, __ A.3d __.

2

The Law Court has articulated two separate but related grounds for dismissing a § 1983 action that is joined to an 80C. The longer-standing of the two grounds is the *Parratt v. Taylor / Jackson v. Town of Searsport / Gregory v. Town of Pittsfield / Moreau v. Town of Turner* school:

> We previously have stated that 'where state law provides adequate redress to a plaintiff deprived of a constitutionally protected property interest, no section 1983 action will lie.' *Gregory v. Town of Pittsfield*, 479 A.2d 1304, 1308 (Me. 1984); *Jackson v. Town of Searsport*, 456 A.2d 852, 858-59 (Me. 1983); *see Parratt v. Taylor*, 451 U.S. 527, 543-44, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981) (holding that availability of state tort remedy satisfied due process requirement for prisoner deprived of property); *Ingraham v. Wright*, 430 U.S. 651, 678, 51 L. Ed. 2d 711, 97 S. Ct. 1401 (1977) (holding that state tort suit would provide adequate due process to child spanked by school employee); *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42-43 (1st Cir. 1994) (holding that procedural due process claim is not actionable unless no adequate remedy available under state law).

*Moreau*, 661 A.2d at 680; *see also Parratt*, 451 U.S. at 537 ("Nothing in [the Fourteenth] Amendment protects against all deprivations of life, liberty, or property by the State. The Fourteenth Amendment protects only against deprivations 'without due process of law.'") (quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979)); *Gregory*, 479 A.2d at 1308; *Jackson*, 456 A.2d at 858-59. Thus, this school of reasoning explains that, even if a state action did deprive an individual (or corporation) of a liberty or property interest, it was nonetheless not a violation of due process as long as state procedures provide whatever process was due.

The second ground the Law Court has more recently used to support dismissal of a § 1983 claim appended to an 80C appeal is that the claims in the federal count were duplicative of those asserted on the appeal:

> Here, [the petitioner] relies on the same factual allegations, and seeks the same relief, for all three of her causes of action. . . . . The court did not identify the reason for dismissing [the petitioner's] independent claims; however, because the court would have had to engage in the same analysis in addressing [the petitioner's] section 1983 claim arguments . . . as it engaged in when addressing the merits of [the petitioner's] Rule 80C

arguments, the court did not abuse its discretion in dismissing [the petitioner's] independent claims as duplicative.

*Kane*, 2008 ME 185, ¶32, 960 A.2d at 1205.

"[W]hen a legislative body has made provision, by the terms of a statute or an ordinance, for a direct means by which the decision of an administrative body can be reviewed in a manner to afford adequate remedy, such direct avenue is intended to be exclusive." *Fisher v. Dame*, 433 A.2d 366, 372 (Me. 1981). "Resort to the courts by alternative routes will not be tolerated, subject only to an exception for those circumstances in which the course of 'direct appeal' review by a court is inadequate and court action restricting a party to it will cause that party irreparable injury." *Id., see also Colby v. York County Comm'rs*, 442 A.2d 544, 547 (Me. 1982). "When direct review is available pursuant to Rule 80B it is exclusive unless inadequate. Accordingly we must determine whether direct review is available and the adequacy of that review." *Colby*, 442 A.2d at 547; *cf. Kane*, 2008 ME 185, ¶ 31 n.5, 960 A.2d at 1204 ("M.R. Civ. P. 80B(i) mirrors M.R. Civ. P. 80C(i); both allow joinder of 'a claim alleging an independent basis for relief.'").

Thus, under Maine's precedent, if direct review of both petitioners' counts is available through 80C appeal, and that review is not inadequate, then Maine's law on exclusivity precludes the § 1983 independent claim as duplicative. Pursuant to 5 M.R.S. §11007(4) (2010), the court's review of the Board's decision may result in one of three decisions including judicial reversal or modification of the Board's findings if the Board's decision was in violation of the state or federal constitutions or of any of Maine's statutory provisions.

Additionally, allegations that the procedures given were constitutionally inadequate are also subject to direct review. *See, e.g., Fichter v. Bd. of Environmental*

4

*Prot.*, 604 A.2d 433, 436-38 (Me. 1992) (evaluating the constitutional adequacy of the procedure in an 80C appeal); *see also Sawyer v. Bd. of Licensure in Med.*, 2000 ME 125, ¶ 16, 754 A.2d 996, 1000; *New England Whitewater Ctr., Inc. v. Dep't of Inland Fisheries & Wildlife*, 550 A.2d 56, 58 (Me. 1988) ("Issues not raised at the administrative level are deemed unpreserved for appellate review . . . . This rule applies even to unpreserved issues implicating constitutional questions.") (citations omitted). Direct review is thus available, and indeed the 80C appeal is the proper avenue by which the court should evaluate claims of a violation of the petitioners' procedural due process.

Finally, direct review is adequate to address all of the claims the petitioners raise. The Law Court has already held that the difference in available remedies does not render direct review under Rule 80C and the Administrative Procedure Act less than adequate. *Gregory*, 479 A.2d at 1308 n. 8. Under this precedent, direct review is adequate even if it does not include the availability of attorneys' fees. Nor do the petitioners assert any of the factors necessary for injunctive relief wherein equitable relief would be appropriate. *Cf. Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290, 293 ("'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)).

Because "[w]hen direct review is available pursuant to Rule 80B it is exclusive unless inadequate," *Colby*, 442 A.2d at 547, and because the direct review of the Board's decision is both available and adequate to address the petitioners' complaints, that review is the petitioners' exclusive remedy. The independent claim pursuant to § 1983 and the Declaratory Judgment Act must be dismissed. *See also Kane*, 2008 ME 185, ¶ 32, 960 A.2d at 1205 ("[B]ecause the court would have had to engage in the same analysis in addressing Kane's section 1983 claim arguments . . . as it engaged in when addressing

5

the merits of Kane's Rule 80C arguments, the court did not abuse its discretion in dismissing Kane's independent claims as duplicative.")

II. Petitioners' Motion to Enhance the Record

The petitioners seek to add evidence regarding (1) the standing of the employee who complained about the plaintiff's bill, as well as her counsel, Attorney Reben, who pursued the complaint; (2) "the general understanding and practice among physicians practicing occupational medicine and the workers compensation defense bar," should the court find that the Board had authority to consider the offending contracts between certain employers and the petitioners; and (3) additional evidence related to his independent § 1983 claim, specifically relating to the stigma of fraud and the tangible burden the Board's decision places upon the petitioners' ability to practice medicine.

In light of the proposed dismissal of the petitioners' independent claims, the general rule applies that "judicial review shall be confined to the record upon which the agency decision was based," 5 M.R.S. §11006(1) (2010), as opposed to the general practice favoring broad discovery in claims brought in the trial court in the first instance. *Cf. Douglas v. Martel*, 2003 ME 132, 835 A.2d 1099 (court has broad discretion in promoting the goals of discovery).

Moreover, the petitioners' motion falls shy of the M.R. Civ. P. 80C(e) requirement of an accompanying "detailed statement, in the nature of an offer of proof, of the evidence intended to be taken" to be presented alongside the motion itself.[1]

---

[1] The petitioner has not provided an offer of proof containing the evidence the court would need to consider in addition to the record before it, the court lacks a basis for remanding to the agency for further fact-finding regarding Attorney Reben's justiciable interest. The court notes that the record contains Attorney Reben's complaint indicating that the petitioners submitted to him a bill exceeding the maximum allowed under the regulations, and requesting an investigation by the Abuse Investigation Unit on the grounds that, "Dr. Boucher's response reflects that he was aware of the Board Rules; that this is not the only time his billing practices have exceeded the maximum fee required by the Rules; and that he has no intention of

6

Additionally, the petitioners failed to establish that: "(1) the evidence is material to issues presented on review; and (2) it could not have been presented before the agency." *Smith v. Maine Employment Sec. Comm'n.*, 456 A.2d 2, 7-8 (Me. 1983). The second requirement could also be met by a showing that the evidence was "erroneously disallowed in proceedings before the agency." 5 M.R.S. §11006(1)(B). There is no evidence suggesting that petitioners attempted to introduce evidence concerning the fee practice of occupational physicians, even after a discovery order made clear that the petitioners' billing practices would be an issue.[2]

As for the petitioners' liberty interest, the court likewise does not discern that this evidence could not have been presented to the Board, or was erroneously disallowed. Nor is it clear that such evidence is necessary to the court's review of the Board's action. *Cf. Sawyer*, 2000 ME 125, ¶ 12 n.1, 754 A.2d at 999 n. 1 (considering a petitioner's arguable liberty interest in reputation based upon the agency's order alone).

## CONCLUSION

The entry is:

> The defendant / respondent's motion to dismiss count II of the plaintiffs / petitioners' complaint is GRANTED.
>
> The plaintiffs / petitioners' motion to take additional evidence is DENIED.
>
> The plaintiffs / petitioners' motion is GRANTED. The parties are hereby ORDERED to submit an agreed upon

---

refunding the excess fee rate to Maine attorneys unless they asked." (R. at 4-5.) For this reason, the petitioners have not established that the evidence they seek regarding Attorney Reben's status as a complaining party was "erroneously excluded" by the Board sufficient to warrant remand for further fact-finding in this area.

[2] The October, 23, 2010 discovery order ordered the petitioners to "provide complete copies of the charges [Dr. Boucher] billed employees and employers for testimony related to Workers' Compensation claims and complete records regarding payments received for that testimony." (R. at 78-79.)

briefing schedule for the remaining claims within 20 days of the date of this order.

Date: _____Jun 30, 2011_____

_____

Roland A. Cole
Justice, Superior Court

Date Filed __03-22-11__    __Cumberland__    Docket No. __AP-11-12__

County

Action ____80C Appeal____

WILLIAM BOUCHER, M.D.                MAINE WORKERS COMPENSATION BOARD
FORTUNES ROCKS CONSULTANTS

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| CHRISTOPHER C. TAINTOR, ESQ.<br>415 CONGRESS ST., P.O. BOX 4600<br>PORTLAND, ME 04112-4600 | HOWARD REBEN ESQ FOR PII CHARLENE<br>DUTREMBLE<br><br>John Rohde, Esq. (Me. Workers) |

| Date of Entry | |
|---|---|
| 2011 | |